# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| OFFICE OF THE SECRETARY,[1]<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br>Agency. | DOCKET NUMBER<br>DC-0752-14-0624-I-1<br><br><br>DATE: April 14, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Curtis A. Khol, Vienna, Virginia, pro se.

Jerome E. Pannullo, Kensington, Maryland, pro se.

Kevin Greenfield and Steven J. Weiss, Esquire, Washington , D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Our findings in this Final Order apply only to Appellant Curtis A. Khol and Appellant Jerome E. Pannullo, not to the other appellants who previously were part of the consolidation in this case. *See Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 1 n.2 (2014).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        The appellants have filed petitions for review of the initial decision, which affirmed the agency's furlough actions. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioners' due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting their petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decision, which is now the Board's final decision in their appeals. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        The agency furloughed the appellants from their positions in the agency's Office of the Secretary of Defense at the Pentagon for 6 days based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources caused by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. MSPB Docket No. DC-0752-13-1254-I-1 (1254), Initial Appeal File (IAF), Tab 6 at 4-12; MSPB Docket No. DC-0752-13-5863-I-1 (5863), IAF, Tab 3 at 4-11. The appellants filed individual appeals challenging the furlough actions, which the Board

consolidated in this case with the appeals of similarly-situated employees. 1254, IAF, Tab 1; 5863, IAF, Tab 1; MSPB Docket No. DC-0752-14-0624-I-1 (0624), Consolidated Appeal File (CAF), Tab 1.

¶3 In an initial decision based on the written record, the administrative judge affirmed the furlough actions. CAF, Tab 17, Initial Decision (ID) at 1, 8. She found that the agency's furlough was a reasonable management solution to the shortage of funds caused by sequestration and that the agency established that its furlough actions were taken for the efficiency of the service. ID at 2-4, 7. She also found that the appellants failed to prove their affirmative defenses. ID at 4-7.

¶4 The appellants have filed separate petitions for review of the initial decision. 1254, Petition for Review (PFR) File, Tab 1; 5863, PFR File, Tab 1. The agency has filed a response in opposition to the petitions for review, 0624, Consolidated PFR File, Tab 2, to which both appellants have replied, 1254, PFR File, Tab 2; 5863, PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellants primarily argue on review, as they did below, that the agency failed to meet its burden of proving a factual basis for the furlough because the agency did not suffer from a lack of funds in FY 2013. 1254, IAF, Tab 10 at 6-10; 5863, IAF, Tab 4 at 5-14; 1254, PFR File, Tab 1 at 4-8; 5863, PFR File, Tab 1 at 4-21. In support of their arguments, they produced several documents concerning DOD's budget, including reports on DOD's Operation and Maintenance Budget for certain quarters of FY 2013 as well as submissions regarding the budget for DOD's Military Programs in FY 2013 and FY 2014. 1254, IAF, Tab 10 at 34-53, 74-261; 5863, IAF, Tab 4 at 66-125. The appellants claim that these documents reveal that the agency had either a projected or a real budgetary surplus around the time that DOD took the furlough actions. 1254, PFR File, Tab 1 at 4-8; 5863, PFR File, Tab 1 at 4-21. Even if the appellants'

claims concerning a budgetary surplus are accurate, however, they provide no basis to disturb the administrative judge's finding that the agency's furlough promoted the efficiency of the service.  ID at 2-4.

¶6        The Board has found that an agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, among other things, that the furlough was a reasonable management solution to the financial restrictions placed on it.  *See Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).  It is undisputed that on March 1, 2013, sequestration went into effect across the federal government, which resulted in a significant reduction in DOD's budget.  Washington Headquarter Services Administrative Record for FY 2013 Furlough Appeals (WHS Administrative Record), available at http://www.mspb.gov/furloughappeals/whs2013.htm (last visited March 20, 2015), Tab 1 at 3 (Declaration of the Under Secretary of Defense (Comptroller)/Chief Financial Officer of DOD), Tab 3 at 15 (May 14, 2013 Memorandum from the Secretary of Defense).  In addition to sequestration, DOD officials attested that a misallocation of funds under a Continuing Resolution and unexpectedly high wartime costs led to further budgetary constraints on the agency in FY 2013.  WHS Administrative Record, Tab 1 at 3-4 (Declaration of the Under Secretary of Defense (Comptroller)/Chief Financial Officer of DOD), Tab 3 at 15 (May 14, 2013 Memorandum from the Secretary of Defense).  Although the appellants argue that these budgetary constraints did not justify the taking of the furlough actions because DOD had a surplus of funds at the time, they have set forth no persuasive argument that these budgetary constraints on DOD did not, indeed, exist.  1254, PFR File, Tab 1 at 4-8; 5863, PFR File, Tab 1 at 4-21.  We therefore find that, irrespective of any alleged budgetary surplus, the agency established that it had financial restrictions placed on its FY 2013 budget.  We further affirm the administrative judge's finding that the furlough was a reasonable management solution to those restrictions.  ID at 7.

¶7 To the extent that the appellants are arguing that the agency should have allocated any surplus funds towards avoiding the furlough, the Board has held that its efficiency of the service determination does not encompass agency spending decisions per se, including spending on personnel matters. *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 11 (2014). Such matters belong to the judgment of agency managers, who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission. *Id.* In that regard, to the extent that the appellants are arguing that the Office of the Secretary of Defense had sufficient funds to avoid furloughing its employees, we find that it was reasonable for DOD to consider its budget situation holistically, rather than isolating the financial situation of each of its departments, in making its furlough decisions. *See Einboden v. Department of the Navy*, 2015 MSPB 26, ¶ 15; *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014). Finally, the Board will not scrutinize an agency's furlough decision in such a way that second-guesses the agency's assessment of its mission requirements and priorities. *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014).

¶8 Appellant Khol additionally challenges the administrative judge's finding that he failed to prove his affirmative defense of harmful procedural error. 1254, PFR File, Tab 1 at 8-11. Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." On review, the appellant argues that the agency committed procedural errors when it did not develop specific procedures to implement the FY 2013 furlough and when the proposing official did not perform his own analysis of the need to furlough the appellant prior to issuing the proposal notice. 1254, PFR File, Tab 1 at 8-11. The appellant, however, has not identified any rule or regulation that he believes the agency violated when taking these actions and we otherwise find no

procedural errors in this regard.[3]  Moreover, assuming arguendo that the agency did commit procedural errors as alleged, the appellant has not attempted to show that the agency was likely to have reached a different decision on the proposed furlough action had the errors either been cured or not occurred.  *See Schnedar v. Department of the Air Force*, 119 M.S.P.R. 246, ¶ 12 (2013).  We therefore find no basis to disturb the administrative judge's finding that the appellant failed to prove his harmful procedural error claim.  ID at 4-7.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

---

[3] In his petition for review, the appellant alleges that the agency violated guidance that it provided in response to frequently asked questions on the Washington Headquarters Services website regarding the FY 2013 furlough.  1254, PFR File, Tab 1 at 8-10.  Even if the guidance provided in response to these questions equated to procedures that the agency was required to follow, we find that the appellant has not shown any error in the agency's application of said guidance.  *See* http://www.whs.mil/furlough-overview/furlough-faqs (last visited March 20, 2015).

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.